SPRINGFIELD STREET RAILWAY COMPANY *vs.* A. M. SLEEPER.

Hampden.    September 27, 1876.   COLT & MORTON, JJ., absent.

Several persons signed an agreement to pay to a street railway company a certain sum of money each, provided that the company would purchase a particular lot of land and put their depot and other buildings thereon, the subscriptions to be payable on demand " when the sum required is subscribed hereto."   At the trial of an action on this agreement, it appeared in evidence that the amount required to purchase the lot was $2000, and that this was known before the paper was written, and was stated to the defendant when he signed it, and that a person had agreed to make up whatever was wanting to complete the sum of $2000 ; that $600 was subscribed on the paper, and the balance to make up the $2000 was paid. *Held,* that the action could be maintained.

CONTRACT upon the following agreement, dated September 21, 1869, and signed by the defendant, in the sum of $100, and by other persons, in various amounts : " The undersigned hereby agree to pay to the Springfield Street Railway Company the sum of money subscribed by each of them below, provided the company will purchase the Hooker lot, being the second lot north of his farm house on the Chicopee road, and locate thereon the depot and other buildings required for their business, the subscription payable on demand when the sum required is subscribed

hereto." Trial in the Superior Court, before *Putnam*, J., who allowed a bill of exceptions in substance as follows :

It was proved, and not disputed, that the amount required to be raised to purchase the Hooker lot, and to induce the street railway company to locate its station there, was two thousand dollars, and this was known and determined before the paper was written. There was also evidence that this was stated to the defendant at the time he signed the contract, and that two persons had agreed to make up whatever was wanting to complete the said sum of $2000, whenever as large a subscription as could be obtained from others had been made, if a reasonable amount was subscribed by others. It was also proved that only about $600 was ever subscribed upon this paper, but there was evidence that the balance above that sum necessary to make up the $2000, was afterward contributed and paid by the persons above referred to, though they did not subscribe in writing to any paper, but being satisfied with the amount subscribed, and that the Hooker lot was purchased and paid for with this money, and the plaintiff's depot and other buildings located upon it.

The defendant contended, and asked the judge to rule, that upon the foregoing facts his subscription had not become due and payable. But the judge declined so to rule, and instructed the jury that, notwithstanding only $500 or $600 was subscribed upon the contract declared on, still, if they found, as a fact, that an additional sum necessary to make up $2000 was contributed and paid by other parties as part of the said subscription of $2000, and that the Hooker lot was bought with it and the plaintiff's depot and other buildings established there, the plaintiff was entitled to recover, although the other parties had not actually signed the paper. The jury found for the plaintiff, and the defendant alleged exceptions.

*M. P. Knowlton*, for the defendant.

*G. Wells*, for the plaintiff, was not called upon.

BY THE COURT. Parol evidence was necessary to prove " the sum required," and, being admitted, showed that, by reason of money otherwise provided for the purchase of the land, only the amount actually subscribed to the agreement sued on was required to carry out the object of the subscription.

*Exceptions overruled.*